# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GERALD A. CAMPBELL,**

    Petitioner,

    v.                                                                    Case No. 17-CV-1772

**RANDALL HEPP,**

    Respondent.

## DECISION AND ORDER DENYING PETITION FOR
## WRIT OF HABEAS CORPUS

Gerald A. Campbell, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 9, 2001, Campbell pled no contest to two counts of third-degree sexual assault. (Habeas Petition at 2, Docket # 1.) Campbell was sentenced to ten years on count one, consisting of five years of initial confinement followed by five years of extended supervision. (*Id.*) On count two, the circuit court imposed and stayed a sentence of five years of initial confinement and five years extended supervision and placed Campbell on probation, consecutive to count one. (*Id.*) Campbell alleges that his conviction and sentence exceeds the maximum allowed by statute. The respondent has filed a motion to dismiss the habeas petition as untimely. (Docket # 10.) For the reasons stated below, the respondent's motion to dismiss is granted and the petition for writ of habeas corpus will be denied and the case dismissed.

## BACKGROUND

Campbell challenges his judgment of conviction for two counts of third degree sexual assault. The conviction stems from an incident in 2001 where Campbell was charged with

having sexual intercourse with two girls under the age of sixteen. (*State v. Campbell*, Appeal No. 2016AP1419 (Wis. Ct. App. July 25, 2017) at 2, Ex. 2 to Resp. Br., Docket # 11-2.)

In 2003, Campbell's appellate counsel filed a non-merit report and Campbell filed a response to the no-merit report. (*Id.*) Campbell argued that he could not be guilty of the crimes because he did not know the ages of the victims and the circuit court relied on inaccurate information at sentencing. (*Id.*) On August 14, 2003, the court of appeals affirmed Campbell's conviction. (Ex. 3 to Resp. Br. at 9, Docket # 11-3.) Campbell did not file a petition for review with the Wisconsin Supreme Court. (Docket # 1 at 3, Docket # 11 at 2.)

Then, in 2006 and in 2008, Campbell's extended supervision was revoked. (Docket # 11-3 at 7–9.) On December 15, 2008, because of the revocation, Campbell was reconfined for the maximum amount of time available, which was more than three years. (*Id.* at 6.) On July 22, 2009, Campbell filed another appeal with the court of appeals. (Ex. 4 to Resp. Br. at 1, Docket # 11-4.) Campbell's counsel filed a no-merit report and on September 1, 2010, the court of appeals found no arguable merit to any issue that could be raised on appeal and affirmed the postconviction order. (Ex. 5 to Resp. Br., Docket # 11-5.) Campbell did not file a petition for review by the Wisconsin Supreme Court. (Docket # 11-4 at 1.)

On May 10, 2016, Campbell filed a petition for redress in the circuit court. (Ex. 6 to Resp. Br., Docket # 11-6.) Campbell argued that his sentence exceeded the maximum allowed by statute. (*Id.*) The circuit court rejected his claim on May 17, 2016, and on July 28, 2017, the court of appeals also rejected Campbell's claim that his sentence exceeded the

maximum allowed by statute. (Docket # 11-6 and Docket # 11-2.) On August 25, 2017, Campbell filed a petition for review by the Wisconsin Supreme Court. (Ex. 7 to Resp. Br., Docket # 11-7.) The court denied his petition on November 15, 2017. (Ex. 8 to Resp. Br., Docket $ 11-8.) Campbell filed this petition for a writ of habeas corpus with the Eastern District of Wisconsin on December 13, 2017. (Docket # 1 at 13.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs this case. Under AEDPA, habeas petitions challenging state court confinement are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Additionally, the statute specifies when the one-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

Specifically, the statute provides as follows:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Campbell does not argue that he was prevented from filing his habeas petition due to State action. He is not asserting a newly recognized right. He also does not claim that his petition rests on newly discovered facts. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Accordingly, Campbell's claim falls under 28 U.S.C. § 2244(d)(1)(A).

Campbell sought direct review of his conviction pursuant to Wis. Stat. § 974.02. The Wisconsin Court of Appeals affirmed his conviction on August 14, 2003 and Campbell did not seek discretionary review in the Wisconsin Supreme Court. Because Campbell did not appeal to Wisconsin's highest court, his judgment became final when his time for seeking review with the Wisconsin Supreme Court expired. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Pursuant to Wis. Stat. § 808.10, a petition for review must be filed with the clerk of the Supreme Court within thirty days of the date of the Court of Appeals' decision. Thus,

Campbell's judgment became "final" on September 15, 2003 (because the thirty-day deadline fell on Saturday, September 13, 2003, Campbell's judgment became final on the next business day). Additionally, because Campbell did not seek discretionary review in the Wisconsin Supreme Court and because the United States Supreme Court can only review judgments of either a state court of last resort or of a lower state court if the state court of last resort denied discretionary review, the ninety-day period for seeking certiorari in the United States Supreme Court is not incorporated into the time period for determining when Campbell's judgment became final. *Gonzalez*, 565 U.S. at 154.

Accordingly, under 28 U.S.C. § 2244(d)(1)(A) the one-year clock commenced for Campbell on September 16, 2003. *See* Fed. R. Civ. P. 6(a)(1). This means that Campbell had to have filed his federal habeas petition on or before September 16, 2004. Campbell did not do so. Instead, Campbell filed his federal habeas petition on December 13, 2017, more than thirteen years after the statutory deadline. While Campbell filed two post-conviction motions in 2009 and 2016, he did not file the motions until after the one-year statute of limitations for federal § 2254 petitions had expired. While a properly filed motion for post-conviction relief in state courts tolls the one-year habeas statute of limitations, 28 U.S.C. § 2244(d)(2), state motions for collateral relief do not give rise to a second one-year limitations period after the first has expired. *See Teas v. Endicott*, 494 F.3d 580, 581 (7th Cir. 2007) ("Nothing in § 2244(d) implies that the time is reopened if the state court engages in multiple rounds of review that it calls 'direct.'"). Thus, Campbell's habeas corpus petition is untimely.

The analysis, however, does not end here. The doctrine of equitable tolling can excuse an untimely filed habeas petition. Equitable tolling is granted "sparingly" and only when extraordinary circumstances far beyond the litigant's control prevented timely filing. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). In deciding whether the AEDPA limitations period should be equitably tolled, the court must determine that (1) the petitioner "has pursued his rights diligently" and (2) "extraordinary circumstances beyond his control stood in the way of the timely filing of his petition." *Id.* A litigant seeking equitable tolling bears the burden of establishing these two elements. *Holland v. Florida*, 130 S.Ct. 2549, 2566 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The Supreme Court has also held that AEDPA's statute of limitations can also be overcome by a showing of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). To invoke the actual innocence exception to AEDPA's statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Campbell does not attempt to show that either exception applies to his case. Thus, neither equitable tolling nor actual innocence excuses his untimely petition.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a

substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

For the reasons set forth in this decision denying Campbell's habeas petition, none of his claims warrant a certificate of appealability. The statutory timeliness of Campbell's petition is a straightforward issue, and I do not believe that a reasonable jurist would find it debatable whether this Court erred in resolving this procedural question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, I will deny Campbell a certificate of appealability.

Campbell retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss (Docket # 10) is **GRANTED** and the petitioner's petition for a writ of habeas corpus is denied.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.


Dated at Milwaukee, Wisconsin this 13th day of November, 2018.


BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge